UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY STANLEY-BEY,<br>　　Plaintiff,<br>　　　v.<br>SAN QUENTIN STATE PRISON,<br>　　Defendant. | Case No. 17-04511 BLF (PR)<br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>(Docket No. 15) |

　　Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging several claims, including one under the Americans with Disabilities Act ("ADA") against San Quentin State Prison ("SQSP"). The Court found the complaint stated a cognizable ADA claim and ordered the matter served on Defendant SQSP.[1] (Docket No. 12.) Defendant filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiff has failed to allege sufficient facts to state a claim. (Docket No. 15, hereafter "Mot.") Plaintiff did not file an opposition although given an opportunity to do so. For the reasons set forth below,

---

[1] The Court dismissed Plaintiff's claim under the Eighth Amendment as duplicative of a separate action, and the California Unruh Act for failure to state a claim. (*See* Docket No. 12 at 3-4.)

Defendant's motion to dismiss is **GRANTED**.

## DISCUSSION

### A. Plaintiff's Claims

Plaintiff alleges that in April 2015, he was knocked unconscious when he fell in his cell, during which time he burned his left leg. (Compl. at 23.) Thereafter he suffered "pain, headaches, dizziness (light to severe), inflammation of lower limbs, i.e., left foot and lower calf, slurred speech, and a burnt leg (left)." (*Id.*) Plaintiff was granted "lay-ins" by prison medical staff, excusing him from his regularly scheduled work at the prison scullery. (*Id.* at 10.) After these lay-ins expired, he requested and was refused the accommodation of being "unassigned" from his work assignment, to excuse him from his work detail. (*Id.*) Plaintiff wanted to be excused from work because prison medical staff had instructed him to avoid getting his dressings wet and the job at the scullery involved washing pots and pans. (*Id.* at 27.) Furthermore, Plaintiff claims that he requested to be assigned to a lower bunk, but that it took 165 days for the request to be granted, during which time he endured pain and suffering. (*Id.* at 11.) The Court found these allegations, liberally construed, stated a cognizable ADA claim, and ordered the matter served on Warden Ronald Davis, in his official capacity, as the representative of the prison. (Docket No. 12 at 2-3.)

### B. Analysis

Failure to state a claim is grounds for dismissal under Rule 12(b)(6). Dismissal for failure to state a claim is a ruling on a question of law. *See Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his

2

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted). A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id*. at 570. To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). From these decisions, the following "two principles" arise: "First to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Review is limited to the contents of the complaint, *see Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *See Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). In addition, the court may take judicial notice of facts that are not subject to reasonable dispute. *See id*. at 688 (discussing Fed. R. Evid. 201(b)). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *See Symington*, 51 F.3d at 1484.

**1.    ADA Claim**

Title II of the ADA, 42 U.S.C. § 12101 *et seq*., provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public

3

entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The elements of a cause of action under Title II of the ADA are that: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of the public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

Defendant argues that Plaintiff fails to satisfy all these elements to state an ADA claim. (Mot. at 2.) First, Defendant asserts that Plaintiff fails to satisfy the first element by identifying a specific qualifying disability. (Mot. at 5.) In the context of the ADA, the term "disability" means: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of the person; (B) having a record of such an impairment; or (C) being regarded as having such an impairment." *Id.* § 12102(1).[2] Defendant asserts that Plaintiff's injuries from a fall and burns to his left leg in April 2015 and the resulting deleterious symptoms over the following few months are temporary conditions or isolated occurrences. (Mot. at 5.) As such, Defendant asserts Plaintiff's alleged condition is not sufficient to establish the existence of a disability under the ADA. The Court agrees. Temporary, nonchronic impairments with no long-term impact are not generally considered substantially limiting. *See Sanders v. Arneson Prod., Inc.*, 91 F.3d 1351, 1354 (9th Cir. 1996); 29 C.F.R. Part 1630 App., § 1630.2(j) ("[T]emporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities. Such impairments may include, but are not limited to, broken limbs, sprained joints, concussions, appendicitis, and influenza."). Plaintiff's allegations

---

[2] Sections 12101 and 12102, including the definition of "disability" in § 12102(2), are general provisions, applicable to all titles of the ADA. *See Sutton v. United Airlines, Inc.*, 527 U.S. 471, 477-78 (1999); 42 U.S.C. §§ 12101-12102.

4

regarding his condition, even if true, amount to nothing more than temporary impairments with no long-term impact, and therefore not substantially limiting. *See Sanders*, 91 F.3d at 1354. In fact, as Defendant points out, the complaint indicates that Plaintiff's wounds were in fact healing and that he sought only temporary accommodations until the wounds were healed or became manageable. (Mot. at 7, citing Compl. at 10, 19.) Second, Defendant asserts that Plaintiff fails to allege that any major life activity was substantially limited by an impairment. (*Id.*) For purposes of § 12102(a), "major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading., concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). Plaintiff alleges that he was "not able to take a regular shower," had slurred speech, difficulty negotiating an upper bunk and upper-tier cell, and experienced headaches and dizziness. (Compl. at 23, 26, 28.) However, these allegations merely indicate that Plaintiff may have experienced some limitations, but not that any of these activities constituted a "major life activity" or that the limitations he experienced were substantial rather than merely temporary. Lastly, with respect to the limitation on work, the Supreme Court has not yet decided whether "working" is a "major life activity" for purposes of determining whether someone is disabled under the ADA or the Rehabilitation Act. *See Sutton*, 527 U.S. at 473. The Court has held, however, that if working were deemed a major life activity, plaintiffs would have to show that they were precluded from a "broad range of jobs" to establish a substantial limitation on their ability to work. *See id.* Plaintiff does not allege that he was unable to work *any* job – just the assigned work at the scullery, and that only because he wanted to avoid getting his burn wound wet and delay healing. Plaintiff has failed to file an opposition to refute Defendant's arguments. Accordingly, the Court finds Plaintiff has failed to allege sufficient facts to satisfy the first prong of an ADA claim.

Defendant next argues that Plaintiff fails to allege sufficient facts to meet the third

5

and fourth prongs of an ADA claim, i.e., that he was either excluded from participation or denied the benefits of prison programs and services, and that such exclusion was by reason of his disability. (Mot. at 8.) The two accommodations Plaintiff identifies are: (1) a transfer to "unassigned" work classification, and (2) a lower bunk assignment. But neither of these accommodations can be considered a "prison program or service" which was rendered unavailable to him. First with regard to his work assignment, Plaintiff's complaint is that he was *forced* to participate in the prison program as Defendant points out. (Mot. at 9.) As such, it cannot be said that he was denied access to it. Second, he was provided a lower bunk, albeit after some delay, and therefore was not ultimately denied access to any such "service." Furthermore, there is no allegation that the lack of these accommodations resulted in the exclusion from any prison program or service. Accordingly, the Court agrees that Plaintiff's allegations are insufficient to state the third and fourth prongs of an ADA claim.

Lastly, Defendant argues that Plaintiff's allegations are not sufficient to show that he is entitled to damages under the ADA. Defendant is correct that monetary damages are not available under Title II of the ADA absent a showing of discriminatory intent. *See Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998). However, the Court has already determined that Plaintiff has failed to allege sufficient facts to state an ADA claim. Accordingly, it is unnecessary to consider to what type of damages, if any, Plaintiff would be entitled.

Based on the foregoing, the Court finds that the complaint fails to state an ADA claim that is plausible on its face, *see Twombly*, 550 U.S. at 570, because there are insufficient facts from which the reasonable inference can be drawn that Defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. Accordingly, Defendant's motion to dismiss the ADA claim for failure to state a claim should be granted. Because the facts have been construed in the light most favorable to Plaintiff and he has failed to file an opposition to even attempt to offer additional facts to suggest that an amendment

6

could cure these deficiencies, the dismissal is without leave to amend.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss the action for failure to state a claim, (Docket No. 15), is **GRANTED**. The ADA claim against Defendant is **DISMISSED with prejudice** for failure to state a claim under Rule 12(b)(6).

This order terminates Docket No. 15.

**IT IS SO ORDERED.**

Dated: December 3, 2018

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge

Order Granting Motion to Dismiss
PRO-SE\BLF\CR.17\04511Stanley-Bey_grant-mtd

7